UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE:<br><br>Walter Mullins and<br>Karen Mullins,<br><br>      Debtors. | Case No. 11-11176C-13G |
| Walter Mullins and<br>Karen Mullins,<br><br>      Plaintiffs,<br><br>v.<br><br>Wells Fargo Bank, N.A.,<br><br>      Defendant. | Adversary No. 11-2049 |

<u>MEMORANDUM OPINION</u>

This adversary proceeding came before the court on June 26, 2012, for hearing on the defendant's motion for summary judgment. Sean T. Dillenbeck appeared on behalf of the plaintiffs and Matthew L. Underwood appeared on behalf of the defendant.

JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and Local Rule 83.11 of the United States District Court for the Middle District of North Carolina. This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) which this court may hear and determine.

NATURE OF PROCEEDING

The plaintiffs own and reside in a residence located at 381 Talley Road, Reidsville, North Carolina (the "Residence"). The Residence is encumbered by a deed of trust that secures indebtedness of $77,000 that is owed to the defendant. The plaintiffs allege that the value of the residence does not exceed $41,000 and seek to modify the secured claim of the defendant by reducing the secured claim to $41,000, the value of the Residence, and treating the balance of the defendant's claim as being unsecured. The plaintiffs contend that this relief is available because the defendant's deed of trust also creates a security interest in escrow funds to be paid by the plaintiffs under the terms of the deed of trust. According to the plaintiffs, the defendant's claim therefore is not secured only by a security interest in the debtor's principal residence and hence is not protected from modification by section 1322(b)(2) of the Bankruptcy Code.[1] The defendant denies that the deed of trust creates a security interest in any collateral other than the Residence and asserts that the relief sought by the plaintiffs therefore is precluded by section 1322(b)(2) as a matter of law.

---

[1] Under section 1322(b)(2) a chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ."

STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the matters presented to the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; Celotex Corp v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2546, 2548 (1986). In considering a motion for summary judgment, the court must construe the "facts and inferences drawn therefrom in the light most favorable to the nonmoving party." Seabulk Offshore, Ltd. v. American Home Assur. Co., 377 F.3d 408, 418 (4th Cir. 2004) (citing Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001). The party moving for summary judgment has the initial burden of proving the absence of a genuine issue of material fact based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any. Celotex, 477 U.S. at 323. Once the moving party has met its initial burden of proof, the non-moving party must then set forth specific facts sufficient to raise a genuine issue for trial. Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986). In determining whether to grant summary judgment, the court's role does not include weighing the evidence or making findings of fact. Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 249-50, 106 S.Ct. 2505, 2510 (1986). The proper inquiry is "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

## DISCUSSION

This court previously has ruled that if a creditor's deed of trust creates a security interest in an escrow account as well as in the debtor's residential real property, the creditor's claim is not secured only by the residential real property and therefore is not protected from modification by section 1322(b)(2) of the Bankruptcy Code. In re Bradsher, 427 B.R. 386 (Bankr. M.D.N.C. 2010); In re Hughes, 333 B.R. 360 (Bankr. M.D.N.C. 2005). In these cases, the language in the loan documents provided that the escrow account constituted "additional security" for the creditor's claim. No such language is present in this proceeding.

The language relied upon in this case is found in the deed of trust and differs markedly from the language involved in Bradsher and Hughes. The grant of the security interest is found on page three of the deed of trust where the collateral is described in language that provides that the grantors grant a security interest in "the following described property located in the County of Rockingham" which is followed by a legal description of the Residence. Nothing in this language suggests that a security interest also is being granted in escrow funds. Nor is there any language in the escrow provisions found on pages five and six of the deed of trust purporting to create a security interest in

escrow funds to be paid by the plaintiffs.

The argument by plaintiffs that modification is permissible because the deed of trust purports to secure other obligations (such as ad valorem taxes or insurance on the property) is misplaced. The focus under section 1322(b)(2) is whether there is collateral other than the residential real property and not whether the residential real property secures obligations other than the principal and interest due under the promissory note referred to in the deed of trust.

Nor is the court convinced that the provisions in the deed of trust regarding application of payments cited by the plaintiffs serves to create a security interest in escrow funds. This language appears on page four of the deed of trust and provides that "all payments accepted and applied by the Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3" (the amounts due under Section 3 are the escrow items such as taxes and insurance). This provision simply directs how payments are to be applied as they are received and does not serve to create a security interest. Nor do these provisions create ambiguity regarding the grant of an additional security interest as asserted by the plaintiffs. Whether the language of a contract is ambiguous is a determination to be made by the court in which the words of the contract are to be given their usual and ordinary

meaning and in which all of the terms of the contract are to be reconciled if possible. See <u>Anderson v. Anderson</u>, 550 S.E.2d 266 (N.C. App. 2001). If no ambiguity is present, construction of the contract is a matter of law for the court whose only duty then is to determine the legal effect of the language used and to enforce the contract as written. See <u>Atlantic and East Carolina Ry. Co. v. Southern Outdoor Advertising, Inc.</u>, 501 S.E.2d 87 (N.C. App. 1998). Here, the court finds that the language at issue is unambiguous and does not create a security interest in any of the funds required to be paid under the terms of the deed of trust or any other property than the Residence. There being no ambiguity, there is no genuine issue of material fact to prevent the granting of summary judgment in favor of the defendant. Thus, as a matter of law, the plaintiffs are precluded by section 1322(b)(2) from modifying the defendant's secured claim. The defendant's motion for summary judgment therefore should be granted and a judgment entered denying the relief sought in the complaint and dismissing this proceeding with prejudice. A separate judgment so providing shall be entered pursuant to Rule 7058 of the Federal Rules of Bankruptcy Procedure.

This 3rd day of July, 2012.

*William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge